## George (Eppo) Imminga, Appellee, v. Winnifred Dinan et al., Appellants.

### Gen. No. 5407.

INJUNCTIONS—*when refusal to dissolve etc., proper. Held,* under the showing of the record in this cause, that an order refusing to dissolve an injunction and also an order to adjudge in contempt for the violation of such injunction, were both proper and should be affirmed.

Bill for injunction. Appeal from the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

HAYDEN N. BELL, for appellants.

CHARLES H. KING and CLARENCE W. DIVER, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Appellee was a tenant of appellant in Lake county. They both owned chattels on the farm. She held a chattel mortgage on two of appellee's horses to secure an indebtedness of $94. She replevied the horses and possibly other chattels, although the record is vague as to the latter. She advertised the horses for sale under the mortgage. Appellee filed a bill in the Circuit Court of said county to restrain the sale. It alleged that the indebtedness secured by the chattel mortgage had been paid and averred that the mortgagee (Winnifred Dinan), William Spunner and George F. Spunner have conspired to injure him, and made them defendants. An injunction writ was issued on the bill restraining the sale of "certain personal chattels." The writ is not in the record, and its full scope cannot be determined. The defendants filed a joint answer signed by their solicitor, and filed their individual affidavits and that of another person in support of the answer, and moved the court to dissolve the injunction. Appellee moved the court that the defendants be attached for contempt, for a violation of the injunction by selling property other than the horses. Both motions were denied, and the cause was referred to the master to state and report an account between the parties, and the defendants prosecute this appeal from the order refusing to dissolve the injunction; and appellee assigns cross-errors on the refusal of the court to adjudge the defendants guilty of contempt.

No certificate of evidence was taken showing what proofs were heard in support of the motions, and for aught that we can know, appellee may have proved that the mortgage debt was fully paid, and appellants

Imminga v. Dinan, 160 Ill. App. 201.

may have proved that they had not sold any property included in the injunction.

If, however, the affidavits appearing in the record are assumed to have been presented as proof upon the hearing in support of the motions to dissolve and for an attachment for contempt, and to be all the proofs the court heard, the order denying the motions should be affirmed for the reason that the affidavit in support of the bill was positive that the mortgage indebtedness was fully paid, while those in support of the answer were made upon information and belief only that the indebtedness was not fully paid.

The bill was directed chiefly to the chattel mortgage and it did not distinctly allege that appellants were seeking to sell any other property except that contained in the mortgage, and it appears to be the fact that the chattel mortgage only covered the horses, and appellants have not sold them.

The injunction restraining the sale of "certain personal chattels" was extremely indefinite. It is not shown that appellants are financially irresponsible, and if they have disposed of any of the property belonging to appellee, he will, no doubt, receive credit therefor in the master's statement of account.

The order appealed from is affirmed.

*Affirmed.*